Brendan Winslow-Nason
BWinslow-Nason@cozen.com
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000
Attorney for Plaintiff
Maxum Indemnity Company

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **MAXUM INDEMNITY COMPANY,** | No. _____ |
| Plaintiff, | |
| v. | COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF |
| **WORLD PAWN EXCHANGE LLC**, | |
| Defendant. | |

Plaintiff Maxum Indemnity Company ("Maxum") alleges as follows:

## THE PARTIES

1. Plaintiff Maxum Indemnity Company is a Connecticut company with its principal place of business in the State of Georgia.

2. Defendant World Pawn Exchange, LLC ("World Pawn"), is an Oregon limited liability company with its principal place of business in the State of Oregon. The sole member of this limited liability company is Mr. Richard Sinatra, who upon information and belief is a resident of Coos County, Oregon.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter by reason of complete diversity of citizenship and the requisite amount in controversy pursuant to 28 U.S.C. § 1332. Defendant World Pawn is an Oregon resident, whereas Maxum is a domestic insurer that is not a resident of Oregon. The amount in controversy is also in excess of the jurisdictional amount of $75,000.00. World Pawn requested that Maxum provide insurance coverage related to a lawsuit pending in Oregon's Multnomah County Circuit Court. Maxum has been incurring attorney fees and costs in connection with defending World Pawn in that underlying lawsuit.

4. Venue is proper in the United States District of Oregon pursuant to 28 U.S.C. § 1391. World Pawn resides and is domiciled in this District, transacts business and maintains its principal place of business in in this District, a substantial part of the events or omissions giving rise to this suit occurred in this District, and the insurance policies at issue in this suit were sold to, issued to, and delivered to World Pawn in this District, and they insure the World Pawn business which is located in this District.

## FACTUAL ALLEGATIONS

5. This is an insurance coverage action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, concerning a commercial general liability ("CGL") insurance policy Maxum issued to Defendant World Pawn Exchange, LLC. A copy of that policy, Maxum Indemnity Company Policy No. BDG 0068496-01 for the Policy Period of 12/27/2012 to 12/27/2013 ("Policy"), is attached as Exhibit A to this Complaint. The Policy is incorporated into this Complaint as if set forth herein in its entirety.

6. A lawsuit was filed against World Pawn on January 6, 2016, in Multnomah County Circuit Court, entitled *Vivian Englund v. World Pawn Exchange, LLC, et al.*, Case

No. 16CV00598 (the "Underlying Suit"). A copy of the Underlying Suit is attached as Exhibit B to this Complaint. The allegations from the Underlying Suit are incorporated into this Complaint as if set forth herein in their entirety. Because the operative pleadings in the Underlying Suit may involve subsequently amended allegations in that lawsuit, any such amended allegations are also incorporated herein by this reference, and Maxum reserves the right to amend this Complaint or to otherwise address pertinent amended allegations in this action.

7. World Pawn tendered the Underlying Suit to Maxum in January 2016, and requested that Maxum defend it under the Policy it issued to World Pawn. By letter dated February 4, 2016, Maxum agreed to defend World Pawn under a full reservation of rights. Pursuant to its reservation of rights, Maxum is defending World Pawn from the Underlying Suit under the CGL coverage of the Policy.

8. Maxum has commenced this action in reformation of the Policy, to seek a declaratory judgment from the Court that the Policy is reformed to include an "E302" Pawnshops Limitation Endorsement (excluding certain losses arising out of firearms and ammunition), because the parties mutually agreed and intended the "E302" Pawnshops Limitation Endorsement to be part of the Policy, until it was mistakenly omitted from the delivered copy of the Policy. Maxum seeks a declaration of the Court as to whether the Policy, based on its reformation, required Maxum to defend World Pawn with respect to the Underlying Suit. Maxum further seeks a declaration that Maxum has no duty to defend or indemnify World Pawn for the Underlying Suit. Finally, Maxum seeks recoupment or reimbursement of defense costs and expenses it has paid in the defense of World Pawn in the Underlying Suit based on the Policy, contractual bases, other legal bases, and/or equitable bases.

## THE MAXUM POLICY ISSUED TO WORLD PAWN

9. The Policy provides, among other coverages, Commercial General Liability Coverage in the amount of $1,000,000 per occurrence, and in the aggregate for either "General Aggregate" or for "Products-Completed Operations Aggregate" limits.

10. The Insuring Agreement for the Commercial General Liability Coverage Form of the Policy provides:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. […]

\* \* \*

No other obligation or liability to pay sums or perform acts or service is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period; […]

\* \* \*

11. The Commercial General Liability Coverage Form of the Policy contains the following relevant exclusions:

## ASSAULT AND/OR BATTERY EXCLUSION

This insurance does not apply to any claim or "suit" for "bodily injury," "property damage," "personal and advertising injury" and we shall have no obligation to indemnify or defend any insured for "bodily injury," "property damage," or "personal and advertising injury" resulting from, or caused in whole or in part by, assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation of any insured, his employees, patrons or any other persons.

Further, no coverage or duty to defend is provided if the underlying operative facts constitute an assault and/or battery irrespective of whether the claim alleges failure to provide adequate security in any way and/or negligent hiring, supervision and/or retention and/or any other negligent act by any insured.

\* \* \*

## EXCLUSION -- PUNITIVE OR EXEMPLARY DAMAGES

This insurance does not apply to punitive or exemplary "damages" or treble or other multiple "damages" as may be allowed by statute or law.

\* \* \*

12.     The Policy's Endorsement entitled "Exclusions/Limitations – Combination Endorsement" adds the following to the above-quoted Insuring Agreement, subparagraph a.:

## AMENDMENT – APPORTIONMENT

\*\*\*

(3)     In the event that a claim or "suit" seeks "damages," some of which are covered and others of which are not covered by this policy, the Insured must agree to a reasonable allocation of the costs and fees of defense, and the Insured will be responsible for payment of the costs and fees to defend the "damages" or claims not covered by this policy.  This agreement shall be reached in writing, signed by the insurer and the Insured, prior to the date when a responsive pleading to the claim or "suit" is filed on behalf of the Insured.  In the absence of such agreement, our duty to defend will only apply to those specific portions of the "suit" which are covered.

\*\*\*

5

Case 6:17-cv-01226-MC    Document 1    Filed 08/07/17    Page 6 of 12

The following is added to **Section V – Definitions**:

"Damages" means compensation, only in the form of money, for a person or entity who claims to have suffered "bodily injury" or "personal and advertising injury" or who claims to have sustained "property damage."

13. The Policy also contains the following relevant definitions:

**SECTION V – DEFINITIONS**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" or "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; […]

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

21. "Your product":

      **a.**    Means:

          **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

              **(a)** You; […]

## MUTUAL MISTAKE DURING 2012 POLICY UNDERWRITING

14. Hull & Company, Inc. ("Hull") is a managing general agent with the authority to bind surplus lines insurance coverage on behalf of Maxum, but only within Maxum's underwriting guidelines.

15. At all times material to the Policy's issuance, Maxum's "Binding Division Underwriting Guidelines" mandated an E302 "Pawnshops Limitation Endorsement" to be issued for any insured, such as World Pawn Exchange, LLC, classified as a pawnshops.

16. On November 15, 2012, Hull generated an Insurance Quotation No. 9711501C issued to C. Dean Mason Agency, World Pawn's insurance agent in Myrtle Point, Oregon, for coverage effective in December 2012 for World Pawn Exchange, LLC. That Quotation indicated that firearms and ammunition would not be covered, based on the quoted and proposed issuance of the E302 "Limitation End[orsemen]t-Pawnshop" which contained an exclusion for firearms and ammunition that specifically stated as follows:

> **Exclusion-Firearms or Ammunition Products**
>
> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of firearms or ammunition.

17. On December 27, 2012, C. Dean Mason Agency issued a fax to Hull, enclosing the first two pages of Quotation No. 9711501C. The first page of the fax to Hull contained handwriting that stated "Please bind 12/27/12." The second page of the fax to Hull was a copy

of the second page of Quotation No. 9711501C stating "E302 - Limitation Endt-Pawnshop" as one of the "Notable Endorsements/Notable Exclusions."  The remaining Commercial Insurance Application materials faxed to Hull on December 27, 2012, appeared to contain several signatures of "Richard Sinatra" on behalf of the Applicant, World Pawn Exchange LLC.  A copy of the fax issued to Hull on December 27, 2012, is attached as Exhibit C to this Complaint.

18. On December 27, 2012, Hull issued a Binder listing "Limitation End[orsemen]t-Pawnshops" among the Policy's "Notable Endorsements/Notable Exclusions."  A copy of the Binder is attached as Exhibit D to this Complaint.  The Binder advised: "PLEASE READ THIS CONFIRMATION CAREFULLY AND COMPARE IT WITH ANY QUOTE AND SUBMISSION DOCUMENTS AND REVIEW THE POLICY FORMS FOR THE ACTUAL COVERAGES PROVIDED.  CHECK FOR ACCURACY AND REQUESTED CHANGES WILL BE BY ENDORSEMENT.  IN ACCORDANCE WITH YOUR INSTRUCTIONS, AND IN RELIANCE UPON THE STATEMENTS MADE BY THE RETAIL BROKER AND IN THE INSURED'S APPLICATION/SUBMISSION, WE HAVE OBTAINED INSURANCE AT YOUR REQUEST AS FOLLOWS," then listed the above-referenced "Notable Endorsements/Notable Exclusions."  Thus, like the above-referenced Quotation and World Pawn's faxed request to bind, the Binder issued December 27, 2012, referenced the "E302 - Limitation Endt-Pawnshop" which in turn contained the above-quoted exclusion for firearms and ammunition, as being part of the Policy.

19. On December 28, 2012, Hull emailed a copy of the Policy to C. Dean Mason Agency, accompanied by its written requests to "review the enclosed" copy and "check for accuracy."  The Policy copy that was attached to this email contained no reference to the E302.  Upon information and belief, Hull's failure to attach the E302 as part of the emailed Policy copy

8

issued on December 28, 2012, to World Pawn Exchange, LLC, was due to either a scrivener's error on the part of Hull, or a glitch in the computer system.

20. Hull thereby issued, on behalf of Maxum, the Policy which failed to contain the E302 Endorsement and its firearms and ammunition exclusion, which was inconsistent with Maxum's underwriting guidelines and the quotation, request to bind and Binder contained in Maxum and/or Hull's files.

21. Upon information and belief, both Hull and World Pawn (and/or its signator Richard Sinatra and/or their agent, C. Dean Mason Agency), understood that the policy issued by Maxum would not cover firearms and ammunition to the extent limited by the E302 Endorsement.

22. Certain documents in Maxum's files—including the November 2012 quotation issued by Hull—reflected that firearms and ammunition coverage was proposed to be excluded from the Policy under the E302, consistent with Maxum's underwriting guidelines. In February 2016, following World Pawn's January 2016 tender, Maxum reserved rights under the Policy's terms and provisions, then further investigated the Policy's failure to reference the E302.

23. Maxum first became aware in or around December 2016 of additional documents in the files of Hull supporting the existence of this mutual mistake and notified World Pawn in writing, then provided copies of these documents to World Pawn in or around February 2017. At this time, World Pawn has yet to acknowledge the existence of the mutual mistake or otherwise substantively respond to Maxum's provision to World Pawn of these copies of documents.

**FIRST CAUSE OF ACTION – POLICY REFORMATION**

24. Maxum asserts this cause of action for reformation of the Policy, and incorporates herein by reference all above allegations in this Complaint.

25.     There was an antecedent agreement between World Pawn Exchange, LLC (through C. Dean Mason Agency) and Maxum (through Hull) to issue a commercial general liability policy without firearms and ammunition coverage, based on the E302 Pawnshops Limitation Endorsement.

26.     The inclusion of any coverage for firearms and ammunition excluded by the E302 Endorsement was the result of a mutual mistake between the parties, World Pawn (through C. Dean Mason Agency) and Maxum (through Hull).

27.     Therefore, the Policy between Maxum and World Pawn Exchange, LLC, should be reformed to reflect that coverage does not apply to firearms and ammunition to the extent stated in the E302 endorsement, because the Policy contains an E302 endorsement.

## SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT ON DUTY TO DEFEND AND DUTY TO INDEMNIFY

28.     Maxum seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and incorporates herein by reference all above allegations in this Complaint.

29.     Maxum has agreed to defend World Pawn in the Underlying Suit, under the Policy that was issued to World Pawn, under an express reservation of rights.

30.     Maxum has incurred and will continue to incur substantial costs in connection with defending World Pawn in the Underlying Suit.

31.     An actual and justiciable controversy exists between Maxum and World Pawn concerning whether Maxum owes World Pawn a defense and has a duty to indemnify World Pawn under the Policy that was issued to World Pawn.

32.     Maxum also reserves the right to seek declaratory relief concerning any other provision in the Policy not quoted or specifically referenced herein.  Moreover, to the extent that there is any discrepancy between what is quoted in this Complaint and the actual policy

language, Maxum intends to rely on the actual policy language.  All such policy provisions and proposed provisions are incorporated into this Complaint as if set forth herein in their entirety.

### THIRD CAUSE OF ACTION – APPORTIONMENT AND RECOUPMENT

33. Maxum asserts this third cause of action for apportionment, allocation, reimbursement and/or recoupment of its payments of World Pawn's costs and fees of defense, and incorporates herein by reference all above allegations in this Complaint.

34. The Policy was issued to World Pawn with an "Amendment – Apportionment" section of the Policy's Insuring Agreement stating in pertinent part that in the event of a "suit" seeking some "damages" which are not covered by the Policy, World Pawn "…will be responsible for payment of the costs and fees to defend the 'damages' or claims not covered by this policy."

35. Maxum issued in February 2016, and subsequently reiterated, its reservation of rights under the "Amendment – Apportionment" provisions of the Policy and under applicable law.  Maxum advised World Pawn that it reserved rights to seek recoupment from World Pawn of all defense expenses incurred and paid by Maxum with regard to the Underlying Suit.

36. An actual and justiciable controversy exists between Maxum and World Pawn concerning whether World Pawn is responsible for payment the costs and fees to defend the "damages" or claims not covered by the Policy from the time of World Pawn's tender; and concerning whether (or the extent to which) World Pawn owes reimbursement or repayment to Maxum of the costs and fees Maxum paid to defend the "damages" or claims not covered by the Policy based on the Policy's "Amendment – Apportionment" provisions, under law, or in equity.

### PRAYER FOR RELIEF

WHEREFORE, Maxum prays for judgment as follows:

1. Declaring that the Policy is reformed to include all provisions of Endorsement E302, including its statement that the Policy's insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of firearms or ammunition;

2. Declaring that Maxum is not obligated, and was not obligated, to defend or indemnify World Pawn in the Underlying Suit pursuant to the coverages under the Policy;

3. Declaring that, whether pursuant to the Policy as originally issued, pursuant to the Policy's Endorsement E302, or based on law or in equity, World Pawn will be responsible for payment and reimbursement to Maxum of its payments of costs and fees to defend the "damages" or claims not covered by the Policy from the time of tender to Maxum;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

DATED this 7th day of August, 2017.

                COZEN O'CONNOR

                By: */s/ Brendan Winslow-Nason*
                    Brendan Winslow-Nason, OSB No. 132461
                    COZEN O'CONNOR
                    999 Third Avenue, Suite 1900
                    Seattle, WA 98104
                    Telephone: 206.340.1000
                    Attorneys for Maxum Indemnity Company

LEGAL\31561549\7